Frederick J. VILLAFRANCA and Thelma K. Villafranca, Husband and Wife, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16535.

United States Court of Appeals
Sixth Circuit.

May 4, 1966.

Irwin G. Waterman, Louisville, Ky., Morris, Garlove, Waterman & Johnson, Louisville, Ky., of counsel, for petitioners.

Stephen H. Paley, Department of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attorneys, Department of Justice, Washington, D. C., on brief, for respondent.

Before WEICK, Chief Judge, CECIL, Senior Circuit Judge, and BOYD, District Judge.*

PER CURIAM.

This proceeding is to review the decision of the Tax Court of the United States which sustained a deficiency determined by the Commissioner against the taxpayers in the amount of $18,512.50 in their income tax for the year 1959.

Taxpayers are husband and wife. They formed a partnership to sell dancing instructions in Louisville and Lexington, Kentucky, under the name of Arthur Murray School of Dance. They operated under franchise from Arthur

*Marion S. Boyd, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

Murray. They filed partnership income tax returns on an accrual basis.

In 1959 the partnership sold thirteen thousand eight hundred twelve and one-half hours of dancing instructions, which remained untaught at the end of the year. They had received payment for nine thousand four hundred forty-four hours of instruction. In their partnership return they deducted from income $27,-625.00 under the label "Teaching Expense—Reserve". They had not incurred any part of this deducted expense in 1959. The amount of the deduction was based on an estimated expense of two dollars per hour, multiplied by thirteen thousand eight hundred twelve and one-half hours. In the years subsequent to 1959 the actual expense of teaching, which averaged $3.08 and $3.59 per hour, was reduced by $2.00 per hour. It took about four years to teach all of the untaught hours, some of which were charged off as not claimed.

Prior to 1956 taxpayers reported as income only the amounts collected for which lessons were given. In 1956 the Commissioner required taxpayers to report all of the income which they received in each taxable year. It was not until 1959 that taxpayers took a deduction from income for the cost of lessons not taught in the taxable year. Taxpayers did not apply for nor obtain the consent of the Commissioner to the change in their method of accounting.

The Tax Court, in a Memorandum Findings of Fact and Opinion by Judge Forrester, reported in T.C.Memo. 1965–18, sustained the Commissioner. It relied on Schlude v. Commissioner of Internal Revenue, 372 U.S. 128, 83 S.Ct. 601, 9 L.Ed.2d 633; American Automobile Ass'n v. United States, 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109; Commissioner of Internal Revenue v. Milwaukee & Suburban Transport Corp., 367 U.S. 906, 81 S.Ct. 1917, 6 L.Ed.2d 1249; Automobile Club of Mich. v. Commissioner of Internal Revenue, 353 U.S. 180, 77 S. Ct. 707, 1 L.Ed.2d 746; and its own decision in Simplified Tax Records, Inc., 41 T.C. 75.

In our judgment the Supreme Court decisions cited by Judge Forrester compel the conclusion which the Tax Court reached. The decision of the Tax Court is therefore

Affirmed.